```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| N.U., on behalf of M.U., a minor child, | 1:19-cv-14894-NLH-JS |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| MANSFILED TOWNSHIP SCHOOL DISTRICT, et al., | |
| Defendants. | |

**APPEARANCES**:

N.U.
18 FAIRMONT DR.
COLUMBUS, NJ 08022

*Appearing pro se on behalf of herself and her minor child*

**HILLMAN, District Judge**

WHEREAS, Plaintiff, N.U., is the mother of Plaintiff, M.U., a minor child; and

WHEREAS, N.U., who is appearing *pro se* on her own behalf and on behalf of her son, filed a complaint against her son's school district, the superintendent, his school principal, and his school's anti-bullying specialist; and

WHEREAS, N.U claims that Defendants' actions concerning her son violated VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, the New Jersey Law Against Discrimination, 42 U.S.C. § 1983, and Article I of the New Jersey Constitution; and

WHEREAS, N.U. premises this Court's subject matter jurisdiction under 28 U.S.C. § 1331[1]; and

WHEREAS, this Court, as with all other federal courts, is under an independent obligation to examine its own jurisdiction, and "standing is perhaps the most important of the jurisdictional doctrines," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) (citation omitted) (stating that even if the parties fail to raise the issue of standing, it may be addressed by the court *sua sponte* at any stage of the proceedings); and

WHEREAS, the Third Circuit has held as a general proposition that a non-lawyer appearing *pro se* is not entitled to play the role of attorney for her children in federal court, Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991); and

WHEREAS, following other circuit courts which have reached the same conclusion, it explained,

> The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to

---

[1] Although not pleaded in their complaint, the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

>     trained legal assistance so their rights may be fully
>     protected.

Id. (citations omitted); and

WHEREAS, even though the Osei-Afriyie case was decided in the context of a parent representing a child's claims for medical negligence, the proposition that a parent cannot represent a child has been applied in cases involving civil rights and constitutional claims, see, e.g., Cole v. Montague Bd. of Educ., 145 F. App'x 760, 762 (3d Cir. 2005) (in a case involving claims that a school board violated the parents' due process rights by banning them from public school without a hearing, illegally evaluating their child, and violating the No Child Left Behind Act, the court noting that because the parents were not attorneys, they could not represent their child in federal court, and they could only proceed on their own claims); Harris-Thomas v. Christina School Dist., 145 F. App'x 714, 714 (3d Cir. 2005) (holding a mother could not represent her minor child *pro se* in a case which involved claims that a school district violated a child's rights under Title VI of the Civil Rights Act of 1964, the Fourteenth Amendment, and intentionally inflicted emotional distress); Pinkney v. City of Jersey City Dept. of Housing and Economic Development, 42 F. App'x 535, 536 (3d Cir. 2002) (in a case alleging civil rights violations, the court holding that a guardian or parent cannot represent an

incompetent adult in the courts of this circuit without retaining a lawyer); and

WHEREAS, based on this Third Circuit precedent, even though N.U. is permitted to proceed *pro se* with regard to any of her own claims against Defendants, she cannot appear *pro se* with regard to her son's claims; and

WHEREAS, it is clear that N.U. does not have standing to prosecute any of her son's claims; and

WHEREAS, it further appears to the Court that although it is appropriate for M.U. - a child - to proceed as a plaintiff using only his initials, see Fed. R. Civ. P. 5.2(a)(3), N.U. - an adult - may not proceed anonymously, unless N.U. shows that this is an "exceptional case," and meets one of the factors set forth in Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (holding that "people have a right to know who is using their courts" and "defendants have a right to confront their accusers");

THEREFORE,

IT IS on this ___18th___ day of ___July___, 2019

ORDERED that the Court will provide N.U. with two options:

(1) N.U. may hire an attorney, or apply for pro bono counsel, and the attorney may file an amended complaint, asserting her claims, the claims of M.U., or both; or

(2) In the alternative, N.U. may continue appearing *pro se*, and she may file an amended complaint asserting her claims only; and it is further

ORDERED that whichever option N.U. chooses, the amended complaint must contain N.U.'s full name, unless she can establish an exception to Fed. R. Civ. P. 10(a); and it is finally

ORDERED that Plaintiff shall be afforded 20 days to file an amended complaint.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |